**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DONALD CHAPMAN, | : | Case No. 3:19-cv-00205 |
| | : | |
| Plaintiff, | : | |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

---

**DECISION AND ENTRY**

---

## I.    <u>Introduction</u>

Plaintiff Donald Chapman suffers from serious back pain and other health problems that interfere with his ability to work.  He brings this case challenging the Social Security Administration's denial of his application for Supplemental Security Income.  He protectively applied for Supplemental Security Income on February 9, 2016, asserting that he was under a disability and was consequently eligible to receive benefits. Administrative Law Judge (ALJ) Laura S. Twilley denied Plaintiff's application based on her conclusion that he was not under a "disability" as defined in the Social Security Act.

In the present case, Plaintiff challenges ALJ Twilley's decision and contends that he is under a disability.  He seeks a remand of this matter to the Social Security Administration for payment of benefits or, at a minimum, for further proceedings.  The Commissioner asks the Court to affirm ALJ Twilley's non-disability decision.

## II.    <u>Background</u>

Plaintiff asserts that he has been under a "disability" since November 27, 2015. On the date he filed his application, he was forty-six years old. He was therefore considered a "younger person" under Social Security Regulations. 20 C.F.R. § 416.963(c). He has a limited education, generally ascribed to a person with a formal education to the 7th grade through the 11th grade. 20 C.F.R. § 416.964(b)(3). Plaintiff worked during his life as a machine feeder, an apartment-maintenance worker, and a painter. (Doc #6, *PageID* #68).

In her decision, ALJ Twilley discussed the evidence in the administrative record . (Doc. #6, *PageID* #s 62-68). The parties sensibly decline to repeat her summary and, instead, discuss the relevant facts in presenting their arguments. The same approach is warranted herein.

## III. <u>Standard of Review</u>

The Social Security Administration provides Supplemental Security Income to individuals under a "disability," who also satisfy further statutory requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability"—as defined by the Social Security Act—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—*i.e*., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ

2

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV.    **ALJ Twilley's Decision**

3

As noted above, it fell to ALJ Twilley to evaluate the evidence connected to Plaintiff's application for benefits.  She did so by considering each of the five sequential steps set forth in the Social Security Regulations.  *See* 20 C.F.R. § 416.920.  She reached the following main conclusions:

Step 1:    Plaintiff has not engaged in substantial gainful employment since February 9, 2016, the date he protectively filed for benefits.

Step 2:    He has the severe impairments of lumbar degenerative disc disease, lumbar spondylosis, sciatica, and hypertension.

Step 3:    He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    His residual functional capacity—the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002)—consists of "light work … subject to the following limitations: No climbing ropes, ladders, or scaffolds.  Occasional crouch; crawl; and balance on uneven, moving, or narrow surfaces. Frequently climb ramps and stairs and stoop.  No work involving any exposure to unprotected heights or dangerous moving machinery.  No production rate work or strict production quotas.

Step 4:    He is unable to perform any of his past relevant work.

Step 5:    He could not perform a significant number of jobs that exist in the national economy.

(Doc. #6, *PageID* #s 62-71).  These main findings led the ALJ to ultimately conclude that Plaintiff was not under a benefits-qualifying disability.

## V.    <u>Discussion</u>

Plaintiff contends that the ALJ erred in evaluating the opinions of his treating primary care physician, Harold M. Brown, D.O., by not mentioning or considering the criteria applicable to determining if Dr. Brown's opinions were due controlling weight

4

under the treating physician rule. Plaintiff contends that the ALJ erred by evaluating Dr. Brown's opinions under same legal criteria applicable to non-treating medical source opinions. The ALJ also erred, according to Plaintiff, by placing "deferential instead of controlling weight" on Dr. Brown's opinions without actually differing to any of the limitations Dr. Brown ascribed to Plaintiff.

The Commissioner contends that the ALJ properly considered, and declined to apply controlling weight to Dr. Brown's opinion because it was unsupported by his records and the record as a whole and because, although the ALJ inadvertently indicated that he gave Dr. Brown's opinions deferential weight, "it is clear that he did not give Dr. Brown's opinion deferential weight." (Doc. #13, *PageID* #522). The ALJ instead placed little-to-no weight on Dr. Brown's opinion, and in doing so, applied the correct legal criteria and reached conclusions supported by substantial evidence, in the Commissioner's view.

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers,* 486 F.3d at 242 (citations omitted). The rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. §

404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, __F.3d__, __, 2020 WL 3833072, at *4 (6th Cir. July 8, 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted)); *see Wilson*, 378 F.3d at 544. "The purpose of the good reasons rule is twofold: first, 'to let claimants understand the disposition of their cases'; and second, to 'ensure[ ] that the ALJ applies the treating physician rule and permit[ ] meaningful review of the ALJ's application of the rule.'" *Hargett*, 2020 WL 3833072, at *4 (citations omitted; brackets in *Hargett*).

In February 2016, Dr. Brown completed a basic medical form in which he reported that Plaintiff could lift and carry no weight. (Doc. #6, *PageID* #489). Dr. Brown concluded that Plaintiff could sit, stand, or walk for no more than fifteen minutes. He also checked boxes indicating his opinion that Plaintiff was extremely limited in his ability to engage in pushing/pulling, bending, reaching, repetitive foot movements. He explained, "This patient has chronic, severe low back pain with right sciatica. He is unable to sit, stand, lift, twist, climb, stoop, crawl or do repetitive foot movements. He is totally, permanently disabled, and cannot perform work of any kind for lifetime." *Id*. Dr.

6

Brown noted that Plaintiff had many additional health problems—he listed twenty-three—along with decreased range of motion in his lumbar spine upon flexion. *Id*. at 489.

The Commissioner argues that ALJ Twilley, "noted the treating source rule in his paragraph addressing the weight that [s]he afforded Dr. Brown's opinions. [She] specifically noted that Dr. Brown's opinion was not entitled to controlling weight because it was unsupported by his records and the record as a whole." (Doc. #13, *PageID* #522 (internal citations omitted)). The Commissioner, however, reads too much into the ALJ's decision. The ALJ did not mention the treating physician rule or the legal criteria applicable to determining whether Dr. Brown's opinions were due controlling weight under the treating physician rule. Because of these omissions, there is no way to ensure a meaningful review of whether the ALJ evaluated Dr. Brown's opinions under the correct legal criteria necessitated by the treating physician rule. Thus, the ALJ's errors are twofold: (1) she did not evaluate Dr. Brown's opinions under the treating physician rule, and (2) she did not provide good reasons for any analysis she conducted of Dr. Brown's opinions under the treating physician rule. *Cf. Hargett*, 2020 WL 3833072, at *4 ("[A]n ALJ may not summarily discount a treating-source opinion as not well-supported by objective findings or being inconsistent with the record without identifying and explaining how the substantial evidence is purportedly inconsistent with the treating-source opinion." (citations omitted)).

The Commissioner does not argue that the above errors were harmless, although the Commissioner does assert that the ALJ applied other regulatory factors to conclude

7

that Dr. Brown's opinion deserved little-to-no weight. Yet, even accepting the evidence upon which the Commissioner relies, this evidence does not negate the ALJ's errors in connection with the treating physician rule. The ALJ improperly reduced the two-step evaluation procedure mandated by the Regulations into solely consideration of the remaining factors in the Regulations, such as the "supportability" and "consistency" factors. *See* 20 C.F.R. § 404.1527(c)(1)-(6). This constitutes error because the "supportability" and "consistency" factors—along with the others listed in the Regulations—"are properly applied only *after* the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376 (emphasis added) (citation omitted). And, by ignoring the treating physician rule and considering only the remaining factors, the ALJ improperly collapsed the two-stage analysis of a treating physician's opinions and thus avoided a central feature of the Regulations: "[I]n all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding." *Rogers*, 486 F.3d at 242 (citing and quoting parenthetically Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4 ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.")).

Accordingly, Plaintiff's Statement of Errors is well taken.

## VI. **Remand**

A remand is appropriate when an ALJ's decision is unsupported by substantial evidence or when an ALJ failed to follow the Administration's own regulations and that

8

shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted if the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal

criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Supplemental Security Income should be granted.

<b>IT IS THEREFORE ORDERED THAT</b>:

1.   The Commissioner's non-disability finding is vacated;

2.   No finding is made as to whether Plaintiff Donald Chapman was under a "disability" within the meaning of the Social Security Act;

3.   This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with Decision and Entry; and

4.   The case is terminated on the Court's docket.

July 13, 2020

Sharon L. Ovington
United States Magistrate Judge